### Semantha M. Willard *vs.* Isaac Gage & another.

A person arrested on execution may, under the Gen. Sts. *c.* 124, §§ 12, 13, serve the notice
of his desire to take the poor debtor's oath on the attorney who made the writ in the ac-
tion; although he was not arrested on mesne process, and his attorney has been told that
another attorney is acting for the creditor.

Contract on a poor debtor's recognizance, wherein the de-
fendant Gage was principal and the other defendant surety.
The case was submitted to the judgment of the superior court,
and, on appeal, of this court, upon agreed facts substantially as
follows:

The plaintiff, who lived outside of the Commonwealth,
brought an action against the defendant in the municipal court
of Boston. The writ therein was made by Byron Nason, an
attorney at law living in this county, and his name was placed
on the back of the writ and entered on the docket of the court
as the plaintiff's attorney. Nason afterwards withdrew his
name as attorney, and the names of the plaintiff *pro se*, and of
C. D. Dunton as her attorney, were entered on the docket before
judgment, which was in favor of the plaintiff. Dunton, after

he had entered his name on the docket, told Gage's attorney that " he was acting for the plaintiff," and asked that the action might be continued one term. He did not live in this county, and had no place of business therein. Execution was issued on the judgment, and on April 24, 1867, Gage was arrested on the execution by a constable living in this county, and taken before a proper magistrate, and there gave the recognizance sued on, which was in the form prescribed by the Gen. Sts. *c.* 124, § 10. On May 11, 1867, Gage appeared before the magistrate and procured a notice to the plaintiff, in accordance with § 12, of his desire to take the poor debtor's oath. This notice was served upon Nason. At the hour named in the notice, Gage appeared before the magistrate; the plaintiff did not attend; and the magistrate administered the oath to Gage.

*C. D. Dunton,* for the plaintiff.

*W. D. A. Whitman,* for the defendants.

COLT, J. The service was sufficient. It is required to be made upon the creditor, his agent or attorney, and the statute declares in words that the person who made the writ may always be regarded as the attorney of the creditor, where an arrest is made on the writ, or any execution issued thereon. We are bound by this language. It is a provision for the convenience of the debtor, so that he may more readily find some person upon whom to serve the notice within the county. True, the attorney in this case had no duty to perform in consequence of the notice. And the plaintiff lost the opportunity to be present at the examination, for want of actual notice. But if the notice had been served on the officer who made the arrest, as the plaintiff claims it should have been, he would have been no better off, without some arrangement between them. Service on the officer has been held good, if neither creditor nor attorney resides or does business in the county, although the attorney may happen to be within the county. *Richardson* v. *Smith,* 1 Allen, 541. And if the attorney is temporarily absent, or cannot be found on reasonable search, service may be made on the officer. *Hyatt* v. *Felton,* 9 Allen, 378.

*Judgment for the defendants affirmed.*