CATHERINE McGURKINE *vs.* JOSEPH J. BATES.

When a creditor is not a resident of the county where his debtor is arrested, notice of the debtor's desire to take the poor debtors' oath may, under Gen. Sts. c. 124, § 13, be served upon the officer who made the arrest, though the creditor's attorney lives in the county, if at the time of the service the attorney is at his place of business in another county.

CONTRACT upon a recognizance, to appear and take the oath for the relief of poor debtors, entered into before a master in chancery in the county of Middlesex, where the arrest was made, by one Broderick as principal, and the defendant as surety.

The case was submitted in the Superior Court upon an agreed statement of facts, from which it appeared that the plaintiff was a resident of Boston, in the county of Suffolk; that her attorneys had their place of business in Boston; that one of them lived in the county of Middlesex; that the notice of his desire to take the poor debtors' oath, after his arrest on execution, was served in Middlesex, by Broderick, upon John M. Fisk, the deputy sheriff making the arrest, June 10, 1872, at about four o'clock in the afternoon; that at that time the plaintiff's attorney,

who resided in Middlesex, was absent from the county and was with the other attorney at his place of business in Boston; that he returned to his home in Middlesex County that night; that the only notice given to the creditor of Broderick's intention to take the poor debtors' oath was the one served upon the officer; that neither the plaintiff nor her attorney appeared at the time and place named in the notice, nor did they waive notice; that Broderick appeared at the time and place appointed, and at the expiration of the hour named was discharged by the magistrate.

Judgment was ordered for the defendant, and the plaintiff appealed.

*G. W. Morse*, for the plaintiff.

*W. E. Jewell*, for the defendant.

COLT, J. The question in this action upon a recognizance is as to the validity of the service of the notice fixing a time and place for the examination of a debtor arrested on execution. The arrest was made in Middlesex, and the notice was served on the officer who made it in that county. The creditor was not a resident of that county; one of her attorneys lived there, but had his place of business in Boston, and at the time of the service, it is agreed, was absent from the county, and at his place of business in Boston.

The plaintiff contends that the service should have been upon her attorney having his residence in Middlesex, notwithstanding his absence.

The leading provision of the statute is, that personal service or service by copy shall be made on the creditor or his agent or attorney. There is an exception to this when the creditor is not a resident of the county where the arrest is made; service is then to be made on the agent or attorney if he lives in the county or has his place of business therein. The exception is imperative, but it is followed by the provision that, if " no such agent or attorney is found within the county," the service may be on the officer who made the arrest. Gen. Sts. *c.* 124, § 13. In *Hyatt* v. *Felton*, 9 Allen, 378, where the attorney of a foreign creditor had his residence in the county where the arrest was

made, but was temporarily absent at the time, service on the officer was held good. We must follow the interpretation thus given to the provision which permits service on the officer, when the creditor does not reside in the county, and "no agent or attorney is found within the county." *Way* v. *Carlisle*, 13 Allen, 398. *May* v. *Foote*, 7 Allen, 354. *Willard* v. *Gage*, 103 Mass. 354. The service in such case is good, notwithstanding the legal residence of the attorney is in the county.

*Judgment for the defendant.*