JOSEPH A. HARWOOD & another *vs.* DAVID WILEY & another.

Suffolk.    March 3. — June 27, 1874.    WELLS & ENDICOTT, JJ., absent.

Under the Gen. Sts. *c.* 124, § 13, one who is arrested on an execution in favor of a plaintiff who resides in the county where the arrest is made, and who has an attorney who lives in that county, may give notice of his intention to take the poor debtor's oath, to the attorney who made the writ upon which he was arrested, although such attorney does not reside in that county.

CONTRACT by Joseph A. Harwood and Nahum Harwood against David Wiley and Warren Wiley, on a recognizance entered into by the defendants, conditioned that David Wiley, who had been arrested on August 17, 1872, upon an execution issued on a judgment in favor of the plaintiffs, should, within thirty days from the time of the arrest, deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided by law, and appear at the time and place and abide the final order thereon.

The following notice was on August 19, 1872, served in Middlesex County on the officer making the arrest, the officer's return setting forth that neither the judgment creditor nor his attorney was within the officer's precinct, or having a last and usual place of abode therein known to the officer : " D. Wiley of Wakefield, Middlesex County, debtor, arrested on execution in your favor, desires to take the oath for the relief of poor debtors, and the 22d day of August, 1872, at four o'clock, in the afternoon, and the office of the subscriber, No. 172 Main Street, in Woburn, in said county of Middlesex, are appointed the time and place for the examination of said debtor. Dated at Woburn, August 17, 1872. Parker L. Converse, Trial Justice."

On September 9, 1872, a similar notice, signed by the same justice, and dated September 6, 1872, appointing the same place and four o'clock in the afternoon of September 13, as the place and time for the examination of the debtor, was served at Boston, in the county of Suffolk, on G. W. Morse, described in the officer's return as one of the attorneys of the judgment creditors.

The debtor appeared before said Converse at the times mentioned in the two notices, and the oath was administered to him on each of said times by said Converse.

The plaintiffs were described in the writ in the original action as having their usual place of business in Boston; but the plaintiff, Joseph A. Harwood, lived in Middlesex County, and Nahum Harwood in Worcester County. Their counsel were George W. Morse and John H. Hardy. The former lived in Norfolk County, and the latter in Middlesex County, and both had their usual place of business in Boston. The writ in the original action was made by Morse. The plaintiffs did not appear at either examination of the poor debtor, either by themselves or by their counsel.

On the above facts the Superior Court ordered judgment for the defendants, and the plaintiffs appealed to this court.

*G. W. Morse & J. H. Hardy,* for the plaintiffs.

*W. P. Harding,* for the defendants.

DEVENS, J. It is unnecessary to consider whether the first notice in the present case, upon the return of which the debtor was discharged, was or was not sufficient. If it was so, the issuing of the second notice and the discharge thereon were superfluous acts which in no way invalidated the discharge already granted; and if it was not, we are of opinion that the second notice was properly served, and that the discharge thereon was valid. Claiming the first notice to have been insufficient, the defendant objects to the service of the second, upon the ground that it was not served upon the plaintiff or his attorney having his residence in Middlesex County, and this is the only objection made to it. The second notice was not issued nor served until the expiration of seven days from the date of service of the first, and the proceedings of the magistrate under it were completed within thirty days from the date of the arrest. The requirements in reference to the service of notice are to be found in the Gen. Sts. *c.* 124, § 13, where it is first provided generally that service shall be made upon the plaintiff or creditor, his agent or attorney, and that where more than one person is plaintiff or creditor, or there is more than one agent or attorney, service upon one shall be sufficient. This general provision is, however, subsequently limited by requiring that where the plaintiff is not a resident of the county wherein the arrest was made, the notice shall then be served upon the attorney if he resides or has his usual place of business therein. This provision was held in

*Putnam* v. *Williams*, 2 Allen, 73, to be imperative, and to require absolutely that in such case service should be made upon the attorney. When, however, neither the plaintiff nor the attorney resides within the county, and the attorney has no usual place of business therein, the notice may be served upon the officer who made the arrest; but it was held in *Way* v. *Carlisle*, 13 Allen, 398, that such provision was not imperative, and the notice might then be served upon the plaintiff, creditor, his agent or attorney, residing in any county, qualifying certain expressions of Mr. Justice Dewey in *Putnam* v. *Williams*, *supra*, which would seem to indicate that service upon the plaintiff was by statute limited to the case of a plaintiff resident within the county where the arrest was made. While, however, the general provision that service shall be made upon the plaintiff or creditor is limited by the requirement which prescribes that where the plaintiff is a non-resident of the county and has an attorney residing or having his usual place of business therein, service must be made upon the attorney, there is no corresponding limitation of the general authority given to serve the notice upon the attorney; and even if the plaintiff resides within the county and the attorney without, the service upon the latter is still sufficient. There is an obvious reason why this distinction might well be made: the creditor, if at a distance and without the county, could not fairly be called upon to attend the hearing upon the debtor's application if he had intrusted the care of his claim to an agent or attorney residing within the county; while on the other hand the agent or attorney having the actual charge of the claim would usually be selected with reference to his vicinity, or his capacity to attend the hearing to which a debtor would be entitled, and might be expected to be always prepared for it.

By another provision of the same section we have been considering, the person who makes the writ may always be regarded as the attorney of the plaintiff or creditor when an arrest is made thereon. The writ was made by Morse, upon whom the service was made, and although one of the plaintiffs resided within the county where the arrest was made, the service of the notice might still be made upon Morse, as it may in all cases be made upon the agent or attorney. Nor was the debtor to be affected by the fact that Morse had a partner who resided in the county of Middlesex

He was the person whom the debtor was entitled by the statute to regard as the attorney, and service upon him, although out of the county where he resided, was sufficient. *Carroll* v. *Rogers,* 4 Allen, 70. Even if he had ceased to be the attorney of the plaintiff, the positive provisions of the law would still entitle the debtor to treat him as such for this purpose. *Willard* v. *Gage,* 103 Mass. 354. *Judgment for defendants.*